UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1264

CATHCART PROPERTIES, INCORPORATED,

Plaintiff – Appellant,

v.

TERRADON CORPORATION, a West Virginia corporation,

Defendant  - Appellee.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.   Robert C. Chambers,
District Judge.  (3:08-cv-00298)

Submitted:  January 13, 2010        Decided:  February 4, 2010

Before MICHAEL, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Heather M. Langeland, Lonnie C. Simmons, DITRAPANO, BARRETT &
DIPIERO, PLLC, Charleston, West Virginia, for Appellant.  David
J. Mincer, BAILEY & WYANT, P.L.L.C., Charleston, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cathcart Properties, Incorporated, appeals the district court's order granting Terradon Corporation's motion to dismiss for failure to state a claim. Cathcart's complaint sought a declaratory judgment enforcing an arbitration provision in a contract between the parties. For the reasons that follow, we affirm.

It is well-settled that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," because it is only through the advance agreement of the parties that the arbitrator derives his authority to resolve disputes. AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648-49 (1986) (internal quotation marks omitted). However, "the question of arbitrability . . . is undeniably an issue for judicial determination," and "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." Id. at 649; see also Carson v. Giant Foods, Inc., 175 F.3d 325, 329 (4th Cir. 1999) (explaining that although doubts "concerning the scope of arbitrable issues should be resolved in favor of arbitration," the same presumption "does not apply to the issue of which claims are arbitrable"). "Because the examination of the scope of an arbitration agreement is primarily a task of contract

2

interpretation," this court reviews de novo a district court's determination of the arbitrability of a dispute. Cara's Notions, Inc. v. Hallmark Cards, Inc., 140 F.3d 566, 569 (4th Cir. 1998).

The record demonstrates that the district court did not err in finding that the parties did not "clearly and unmistakably" agree to have an arbitrator decide the scope of his own authority. Because there was no contract provision that expressly stated that the parties agreed to arbitrate the arbitrability of a claim, the court itself was required to make that determination. See Carson, 175 F.3d at 329-30 (noting that the courts have "repeatedly rejected the assertion that general arbitration clauses . . . commit to arbitration disputes over an arbitrator's jurisdiction," even those that are broad and otherwise "commit all interpretive disputes 'relating to' or 'arising out of' the agreement").

The arbitration provision at issue required the parties to submit to arbitration "any dispute or controversy arising from [the relevant] Contract." However, the district court correctly concluded that the plain terms of the contract did not permit a finding that Cathcart's substantive claim arose from the contract. Therefore, the court properly dismissed Cathcart's complaint for failure to state a claim that the substantive issue should be submitted to arbitration.

3

Accordingly, we affirm the district court's order granting the motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED